## No. 7046.

### MARY M. PENDEGAST, ADMINISTRATRIX, VS. GEO. SCHAWTZ ET AL.

The allegation of a plaintiff in a suit to recover property, (alleged to be unlawfully in the defendant's possession) that he had bought the property, but had never paid for it, and hence that it still belonged to the vendor, is not a disclaimer of title, which can be pleaded by defendant in estoppel, in a subsequent suit to recover the property, brought by the legal representative of the plaintiffs.

A defendant can not dispute the title of the person under whom he holds.

Not only good faith, and possession of real estate for ten years is required, but also a legal and transferable *title of ownership* is required in order to acquire said property by prescription.

The ownership acquired in virtue of a *confiscation* sale, under the act of Congress of 1862 amounted to a mere usufruct. It was and could be only imperfect, and was to terminate with the life of him against whose interests and property the confiscation proceedings were directed. There is wanting therefore in the title of one who purchased the property at a confiscation sale the quality of ownership necessary to enable him to prescribe.

The fact that the price paid by a purchaser of property at a confiscation sale was used to pay off a pre-existing mortgage on the property, does not entitle such purchaser to demand that he shall be refunded the price, when, at the expiration of his usufruct, the owners of the property call on him to restore it to them. Nor can he demand that he shall be re-imbursed what he has expended for repairs, and taxes on the property.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

*Herron, Bird & Beale* for plaintiff and appellee.

*J. W. Burgess* and *R. & E. L. Posey* for defendants and appellants.

The opinion of the court was delivered by

EGAN, J. This suit is by the administratrix of the late Michael Pendegast, who was also his surviving wife, to recover from the defendants a lot of ground · and improvements purchased under what is usually termed the Confiscatic n Act of Congress of the seventeenth of July, 1862, and sold as the property of Michael Pendegast. The latter died on the eighteenth of March, 1870, and this suit was instituted on the twenty-first of March, 1876. The defendants set up by way of defense—

First—That the plaintiff can not recover, by reason of the judicial disclaimer of title by Michael Pendegast in a suit to recover the same property as heir of his father. To this it is sufficient to reply, 1, that the allegation relied on was that he had bought the property and never paid for it, and therefore it belonged to the vendor, a state of facts which did not divest him of title according to his own allegations. 2, that it was adjudged in that suit that he had title as purchaser and not as heir, and that he could not thus avoid the effect of the confiscation sale, which was therefore protected by the judgment; and lastly, that the only rights acquired by the defendants were by virtue of that confiscation sale of the property in controversy as belonging to Michael Pendegast whose original title they could not therefore dispute, as they held under him.

The second ground of defense is the prescription of ten years, based upon alleged possession in good faith for more than that time under a title translative of property. Not only good faith and possession for the time required by law, but also a legal and transferable *title of ownership* are requisite to acquire property by this species of prescription. This only is that just title which is required. C. C. 3479–3483. The ownership or right acquired by the defendants under the confiscation sale was and could be only imperfect, and was to terminate with the life of him · against whose interests and property the proceedings in confiscation are directed. C. C. 490. Section 3, article 3, of the Constitution of the United States, 7 Wallace, 339, 9 Wallace, 339, and joint resolution of Congress of the same date with the confiscation act on the same subject. Had, however, Congress not interpreted their act by their resolution, as was held in the cases cited, the claim that it possessed any war or other power superior to the Constitution can receive no sanction from this tribunal, and, we trust, from no other American court at this day. There was then wanting that essential element in defendants' title to enable them to prescribe—there was no title of perfect owner-

ship, but only a right with us called usufruct, and elsewhere called a life estate during the life of Michael Pendegast. This would not support prescription as to the full or perfect ownership against any one, still less against the representatives or heirs of him under whom, and under whose title alone they claim, or can claim, even that imperfect right. The defendants claim, in any event, that the succession should be compelled to repay to them the amount of a mortgage existing against the property at the time of the confiscation sale, and which is claimed to have been reserved and paid out of the price of the purchase. They claim, also, the value of certain necessary repairs put down in the brief of counsel at $25 per annum, or $325 for thirteen years, and, also, the taxes during their possession since the confiscation. As to the claim to be repaid the amount of the mortgage, it is sufficient to remark that it was paid not in addition to but out of the purchase price, which would otherwise have gone entirely into the hands of the Marshal, and that they paid no more by reason of the existence of the mortgage than they would otherwise have done. Their bid was regulated by the value of the right in the property belonging to Pendegast which was subject to the mortgage, and the whole amount of that bid was the consideration for the life estate or usufruct acquired by them, the duration of which depended on the uncertain event, the death of Pendegast. To repay the mortgage debt would be to return to the defendants the very consideration which they paid for the enjoyment of the property during all these years. Had they paid it otherwise there might be some pretext for its restoration; not so, however, when it was only paid out of the price, which was in no manner increased thereby.

The fact that the mortgage creditor instead of the Government was allowed without contest by the latter to receive so much of the price bid, by virtue of a pre-existing right, is no more reason for its repayment than for that of any other part of the purchase price. As to the claim to re-imbursement for necessary repairs and taxes, these are charges imposed upon the usufructuary by the express provisions of the law, C. C. 570, 571, same, 578, and can afford no basis of claim by the defendants against the plaintiff. As to the statement of account pro and con in the defendants' brief, accepting the figures as correct, it would only prove that had Pendegast lived longer the defendants' rights acquired at the confiscation sale would have been more valuable because longer enjoyed.

We have not been asked to amend the judgment as to the time from which rent should be charged against the defendants.

The judgment of the court below was in favor of the plaintiffs for the recovery of the property and rent or lease price from judicial demand. It is correct, and is affirmed.